MATTHEW RIGHETTI, State Bar No. 121012
JOHN GLUGOSKI State Bar No. 191551
MICHAEL RIGHETTI State Bar No. 258541
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94101
Telephone: (415) 983-0900 / Facsimile: (415) 397-9005
Email: matt@righettilaw.com
Email: jglugoski@righettilaw.com
Email: mike@righettilaw.com

ATTORNEYS FOR ANDREW J. PRIZLER

UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

Andrew J. Prizler, individually and on behalf of all others similarly situated,

Plaintiff,

CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS, LLC (dba SPECTRUM), TIME WARNER CABLE BUSINESS, LLC, TWC ADMINISTRATION, LLC, AT&T, INC., TIME WARNER, INC., And DOES 1 through 100, inclusive

Defendants.

______________________________________/

Case No.: '18CV1724 L BGS

CLASS ACTION

COMPLAINT FOR VIOLATIONS OF:

1. FLSA
2. CA LABOR CODE
3. BUSINESS AND PROFESSIONS CODE SECTION 17200
4. Failure to provide meal periods
5. Failure to provide rest periods

## INTRODUCTION

1. Comes the representative Plaintiff, ANDREW J. PRIZLER and files this lawsuit against Defendants CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS, LLC (dba SPECTRUM), TIME WARNER CABLE BUSINESS, LLC, TWC ADMINISTRATION, LLC, AT&T, INC., TIME WARNER, INC., (hereafter, collectively referred to as "Time Warner" and/or "Defendants") for himself and all other similarly situated individuals, for legal relief to redress unlawful violations of Plaintiff' rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of the FLSA by Time Warner which have deprived the named Plaintiff, as well as others similarly situated to the named Plaintiff, of their lawful wages. The suit is brought on behalf of the named Plaintiff and all others similarly situated, pursuant to both California law and §216(b) of the FLSA.

## JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's federal claims is based upon: (a) Section 16(b) of the FLSA, 29 U.S.C. § 216(b), which authorized employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employers' failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§1331 and 1337.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all times material herein, Defendants have been been actively conducting business in the State of California and within the geographic area encompassing the Southern District of the State of California. Plaintiff performed services for Defendants in various parts of California, including in the Southern District of California.

4. Jurisdiction over Plaintiff's state law class action claims under the California Labor Code and the claim under §17200 of the California Business and

Professions Code are based upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiff' federal claims that they form a part of the same case or controversy between Plaintiff and Defendants.

5. Plaintiff was an employee for – and employed by -- the Defendants, and brings this action as a collective action in accordance with 29 U.S.C. §216(b) of the FLSA against the Defendants on behalf of himself and all others similarly situated because of Defendants' unlawful deprivation of Plaintiff's rights to all wages owed. Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended 29 U.S.C. § 201 *et seq*. Plaintiff also seeks relief on a collective and class-wide basis challenging the unlawful business practice engaged in by Defendants of failing to compensate Plaintiff and all others similarly situated for all wages owed.

6. Defendants conduct business throughout the country, including in the State of California.

7. The similarly situated individuals include non-exempt employees who performed retail sales work as employees of Defendants, worked overtime and earned commission and/or bonus pay ("Time Warner Employees"). Time Warner Employees are not compensated by Defendants for all hours they worked, including, but not limited to proper overtime.

8. The FLSA claim is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a nation-wide "opt-in" collective action (hereinafter "the FLSA Action"). The FLSA Action is brought on behalf of Time Warner Employees who worked during the period three years prior to the date that this lawsuit was filed through the date of judgment (hereinafter "the FLSA Employees"). The FLSA Action seeks to (i) recover unpaid wages and overtime compensation owed to the FLSA Employees, (ii) obtain an equal amount in

liquidated damages, as provided by Section 16(b) of the FLSA, and (iii) recover reasonable attorneys' fees and costs of the action, as provided for by Section 16(b) of the FLSA.

9. Plaintiff also asserts various claims under California law as a conventional "opt-out" class action under Rule 23 of the Federal Rules of Civil Procedure ("the California Class"). The California Class Action is brought on behalf of Time Warner Employees who worked for Time Warner in the State of California at any time during the period four years prior to the date that this lawsuit was filed, plus tolling for the LWDA exhaustion, and through the date of judgment ("California class"). The California class has claims based upon the same unlawful business practice of not being paid their wages and/or compensation for all hours worked as required under the applicable federal law, California law including the Labor Code, UCL, and Wage Orders. The California class also has claims based upon the illegal and unlawful business practices of failing to pay the California class premium wages owed for overtime hours worked based on the legally required "regular rate" including any commission and/or bonus wage compensation, and failing to provide meal periods and/or meal period payments as required by law. Plaintiff is informed and believes, and based thereon alleges, that Time Warner knew or should have known that Plaintiff and the California class were entitled to receive premium wages for overtime compensation based on a regular rate that includes commission and/or bonus wages and that neither Plaintiff nor the California class were receiving all minimum wages due and owing under the law for overtime hours worked, and failing to both provide meal periods and/or meal period pay and timely pay the California class all wages owed upon discharge or resignation. Plaintiff and the other California class members did not receive payment of all wages, including overtime and minimum wages and meal period payments, within any time

permissible under California Labor Code section 204, and c) failing to provide Plaintiff and the California class with complete and accurate payroll/wage statements and/or reports in accordance with California law. During the liability period, Plaintiff and other similarly situated employees received commissions and nondiscretionary bonuses as well as an hourly rate. There is a systemic miscalculation of the overtime rate for compensation, which is predicated on Plaintiff and all similarly situated employees' hourly rate and commissions/bonuses. On information and belief, Plaintiff and all similarly situated employees assert that Defendants failed to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime compensation. This miscalculation in failing to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime, directly led to Defendants undercompensating Plaintiff and all other similarly situated employees for overtime hours worked. Additionally, on information and belief, these commissions and bonuses were not always paid to Plaintiff and other similarly situated employees when earned or when due, thereby making Defendants liable for failing to timely pay commissions and bonuses (or at times at all) and to properly incorporate these commission and bonus payments into the regular rate of pay when calculating overtime compensation. This failure to properly pay commissions and bonuses also led directly to Defendants undercompensating Plaintiff and other similarly situated employees for overtime hours worked. Defendant's failure to pay Plaintiff and other similarly situated employees the unpaid balance of premium overtime compensation violates the provisions of California Labor Code sections 510 and 1194, as well as IWC wage order 4-2001 and the Federal Labor Standards Act ("FLSA"), which serves a predicate violation of California Business and Professions Code section 17200, et seq.

10. The California class seeks to (i) recover daily and weekly unpaid compensation owed to the California class, (ii) waiting time penalties under Section 203 of the California Labor Code owed to those members of the sub-class whose employment with Time Warner terminated and who have not been timely paid all wages due to them upon termination of their employment, (iii) damages and meal period payments as set forth under the California Labor Code, and (iv) recover reasonable attorneys' fees and costs as provided for by the California Labor Code.

11. Finally, the claim under Section 17200 of the California Business and Professions Code seeks equitable and injunctive relief enjoining Defendants from the allegedly illegal conduct and for failing to make, keep and preserve the records required by the FLSA and California law. This claim also seeks to obtain (i) restitution as allowed by the UCL, and (ii) reasonable attorneys' fees and costs as provided for by law.

12. The FLSA Action is maintained as a collective action under 29 U.S.C. § 216(b) on behalf of all past, present and future nonexempt employees of Defendants who have been, are and/or will be employed at retail store locations and who worked the first shift of any day in the United States during the period three years prior to the date that this lawsuit was filed through the date of judgment. Plaintiff is a citizen of the United States, and resides in the State of California. At all times material herein, the named Plaintiff has been employed by Defendants, in a position where he was engaged in retail sales for Defendants. Plaintiff is identified in the caption of the Complaint and has given his written consent to be party Plaintiff in this action pursuant to 29 U.S.C. § 216(b).

## THE PARTIES

13. Plaintiff is a citizen of the United States residing in the State of California. Plaintiff is a former employee of Time Warner, who conducted

business for Time Warner in the State of California, including within the geographic area encompassed by the Southern District, from approximately July 2014 to early 2018. He was a non-exempt employee of Time Warner, he worked overtime and he earned bonus and commission wages. During his employment with Time Warner, like other Time Warner Employees, Plaintiff regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek. Plaintiff has not been paid all wages owed for all hours worked as required under the FLSA and California law. Plaintiff has been injured by the illegal practices and conduct alleged in this complaint. Plaintiff' claims under the FLSA and/or California law are similar to and typical of the claims of the FLSA Employees and the members of the California class.

14. On information and belief, Defendants are qualified to and do business in the State of California.

15. Defendants jointly maintain either actual or constructive control, oversight, or direction over the operations of and its employment practices applicable to Plaintiff and the alleged class.

16. Defendants are subject to personal jurisdiction in the State of California for purposes of this lawsuit.

17. At all times material to this action Defendants have been an "employer" of the named Plaintiff, as defined by §203(d) of the FLSA.

## CLASS ACTION ALLEGATIONS

18. The California class may be appropriately maintained as a class action under Rule 23 because all of the prerequisites set forth under Rule 23 are met.

19. Members of the California class are so numerous that joinder of all such members is impracticable. Although the exact size of the California class is unknown, it is believed and alleged that the number of persons in the California

class is more than 50. The number of current and former individuals in the California class is so numerous that joinder is impracticable if not impossible.

20. There are questions of law and fact common to the California class with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, predominate common questions of fact and law include the propriety of Defendant's systemic premium overtime calculations for weeks where commission and/or bonus is earned; whether all wages were timely paid to employees upon termination of employment; and whether the information provided to employees is compliant with the requirements of Labor Code 226. (Fed.R.Civ.P. 23(b)(3)).

21. The prosecution of separate actions by the California class would create a risk of inconsistent or varying adjudications with respect to individual members of the California class that would establish incompatible standards of conduct for parties opposing the class. (Fed.R.Civ.P. 23(b)(1)(A).)

22. Plaintiff will fairly and adequately protect the interests of the California class because he and his counsel possess the requisite resources and abilities to prosecute this case as a class action.

23. The prosecution of separate actions by the California class would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. (Fed.R.Civ.P. 23(b)(1)(B).)

24. The questions of law and fact common to the California class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (Fed.R.Civ.P. 23(b)(3).) More specifically,

a. Members of the California class have little or no interest in individually controlling the prosecution of separate actions. (Fed.R.Civ.P. 23(b)(3)(A).)

b. Plaintiff is not aware of any other litigation concerning the controversy already commenced by the California class. (Fed.R.Civ.P. 23(b)(3)(B).)

c. It is desirable to concentrate the litigation of the claims in this Court because Time Warner does a substantial amount of business in this district;

d. This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. (Fed.R.Civ.P. 23 (b)(3)(D).)

25. Plaintiff contemplates providing a notice or notices to the California class, as approved by the Court, to be delivered through the United States mail or other appropriate notice process. The notice or notices shall, among other things, advise the California class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified within the notice, and that any judgment on the California Action, whether favorable or not, entered in this case will bind all class members except those who affirmatively exclude themselves by timely opting out.

26. Plaintiff also contemplates providing a notice or notices to all of the FLSA Employees, as approved by the Court, to be delivered through the United States mail or other appropriate notice process. The notice or notices shall, among other things, advise each of the FLSA Employees that they shall be entitled to "opt into" the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA call members who timely request inclusion in the class.

**FIRST CLAIM FOR RELIEF FOR VIOLATION OF THE FAIR LABOR STANDARDS ACTION OF 1938**

**(On Behalf of the FLSA Employees As Against Defendant)**

27. Plaintiff re-asserts and re-alleges the allegations set forth in Paragraphs 1 through 26, above except those paragraphs that are inconsistent with this cause of action brought pursuant to the FLSA.

28. The FLSA regulates, among other things, the payment of overtime pay by employers. 29 U.S.C. § 207(a)(1).

29. Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees for all hours worked and for those who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours. Time Warner is, and was, subject to this requirement to pay Time Warner Employees both for all hours worked and one and one-half times the employees' regular rate of pay for all hours worked in a workweek in excess of forty (40) hours. The FLSA requires that commissions and bonus pay earned by Time Warner Employees be evaluated in determining/calculating the regular rate of pay and overtime rate of pay. Defendants violated the FLSA by failing to pay Time Warner Employees the correct overtime wages owed for all hours worked.

30. The persons employed by Defendants as Time Warner Employees in the United States regularly, and as a matter of policy and practice, worked and do work hours in which they are not paid overtime according the law. Specifically, Time Warner's company-wide policy does not pay its Time Warner Employees overtime using the correct calculation methodology for the hours worked overtime. Time Warner Employees frequently work in excess of forty (40) hours in a workweek, but Defendants do not pay Time Warner Employees for overtime wages based on the correct regular and/or overtime rate. As a result, Defendants have deprived Plaintiff and the other Time Warner Employees of wages earned by not paying the Time Warner Employees for all hours worked and not paying them premium wages owed for overtime hours worked which is based on the commissions and bonuses earned during a particular pay period.

31. Time Warner's violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA Employees are entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and costs.

32. The employment and work records for the Plaintiff are in the exclusive possession, custody and control of Defendants and Plaintiff are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by 29 U.S.C. § 211 and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiff's payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

**SECOND CLAIM FOR RELIEF FOR VIOLATIONS OF CALIFORNIA LAW**

**(On Behalf of the California Class Only)**

33. Plaintiff reasserts and re-alleges the allegations set forth in Paragraphs 1 through 32 above, excepting those paragraphs that are inconsistent with this cause of action brought pursuant to California law.

34. Time Warner Employees are subject to – and entitled to the protection of -- the terms and conditions of the California Labor Code and California Wage Orders, found in the California Code of Regulations, at Title 8, Section 11000, et seq., as amended.

35. The California class regularly, and as a matter of policy and practice, worked and do work hours in excess of forty (40) hours in a workweek, and/or in excess of eight (8) hours in a day entitling them to payment of daily and weekly

overtime pay under California Wage Orders and the California Labor Code. Defendant has failed to pay these persons all wages owed for all hours worked including correctly calculated premium overtime pay to which they are entitled, thereby violating California law. This is in violation of California Labor Code sections 1194, 1198 and 510 and the Industrial Welfare Commission ("IWC") Wage Order applicable to Defendants' business. Also during the relevant time period, Time Warner intentionally and willfully failed to pay the minimum statutory overtime wages owed to Plaintiff and the other California class members due to a miscalculation of the "overtime rate" by not including commissions and/or bonuses earned during a particular pay period, which should be calculated in order to determine the regular rate. Plaintiff and the other California class members are entitled to recover the unpaid balance of their minimum wages owed and/or overtime wages as well as interest, costs, and attorney's fees.

36. Time Warner does not comply with the requirements of Labor Code Section 226 which requires that "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee (and the last four digits of his or her social security number or an employee identification number other than a social security number *may* be shown on the itemized statement),

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Time Warner fails to provide accurate and complete information, as specified in items 1, 2, 5 and 9 above as set forth in section 226(a).

37. California Labor Code Section 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees." Plaintiff and the California class members suffered injuries as defined and set forth in California Labor Code Section 226(e) because, in addition to Time Warner's failure to provide accurate and complete information, as specified in items 1, 2, 5 and 9 above as set forth in section 226(a), Plaintiff and the California class could not "promptly and easily determine" from the wage statement alone the correct hourly rate in effect during the pay period (i.e., without reference to other documents or information), nor was the overtime rate or the hours worked provided in the statements accurate.

38. During the class period, Time Warner failed to provide Plaintiff and the California class members with timely and accurate wage and hour statements

showing gross wages earned, net wages earned, overtime pay, and all applicable hourly rates in effect during each pay period with the corresponding number of hours worked at each hourly rate by that individual.

39. As alleged herein, Plaintiff and the California class members are/were not exempt from the requirements of California's labor laws and regulations. Plaintiff and the California class members were and will be injured by Time Warner's failure to comply with the aforementioned requirements for time records and wage statements.

40. Based on Time Warner's conduct as alleged herein, Defendants are liable to Plaintiff and the California class members for damages for each labor code violation, injunctive relief, plus interest, attorneys' fees, expenses, and costs of suit.

41. The California class is entitled to receive the unpaid wages due them under California law. In addition, the California class is entitled to recover interest on the amount of unpaid wage pay due them and reasonable attorneys' fees and costs of suit, pursuant to Section 1194(a) of the California Labor Code. In addition, Section 203 of the California Labor Code provides for the payment of "waiting time penalties" if an employer does not properly pay all wages due an employee upon termination of the employee's employment. Those in the California class whose employment has been terminated have not been properly paid the wages that are due them upon termination of their employment. Accordingly, these class members are entitled to recover "waiting time penalties" under Section 203 of the California Labor Code.

**THIRD CLAIM FOR RELIEF FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200**

**(On Behalf of the California Class Only)**

42. Plaintiff reasserts and re-alleges the allegations set forth in Paragraphs 1 through 41, above excepting those paragraphs which are inconsistent with this cause of action for violations of the California Business and Professions Code § 17200.

43. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

44. Defendants have engaged in, and continue to engage in the unlawful, unfair and fraudulent business practices alleged hereinabove in violation of Section 17200 of the California Business and Professions Code.

45. These challenged policies and practices have harmed the named Plaintiff, the members of the California class and the general public.

46. As a result of these unlawful policies and practices, Plaintiff is entitled to an injunction issue against Defendants, pursuant to Section 17203 of the California Business and Professions Code, to prevent them from engaging in such future unlawful, unfair and fraudulent business practices. Plaintiff also is entitled to an order requiring Defendants to provide restitution to all persons who have suffered losses or injury as a result of these unlawful business practices, including but not limited to all California class members, during the applicable limitations period.

47. Plaintiff is entitled to an award of reasonable attorneys' fees pursuant to California law.

**FOURTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE MEAL PERIODS**
**(California Labor Code §§ 226.7 and 512)**

48. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein and asserts this cause of action on his own behalf and on behalf of the California Class.

49. At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code § 226.7 and § 512.

50. California Labor Code § 226.7 provides:

(a) As used in this section, "recovery period" means a cooldown period afforded an employee to prevent heat illness.

(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

51. Moreover, California Labor Code § 512(a) provides:

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

52. Sections 11 of the applicable IWC Wage Order mandate that employers provide all applicable meal periods to non-exempt employees.

53. Section 11 of the applicable IWC Wage Order provides:

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes…

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

54. Defendants failed to provide Plaintiff and the California class with uninterrupted and off duty meal periods and/or one hour meal period premium payments as required by law. By failing to consistently provide uninterrupted and off duty thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Plaintiff and the Class Members – and failing to pay one hour of pay in such instances -- Defendants violated the California Labor Code and applicable IWC Wage Order provisions. Further, as a result of the violations of the California Labor Code and IWC Wage Order regulations, Defendants conduct was "unlawful" within the meaning of the UCL (B & P 17200, et seq.

55. Plaintiff is informed and believes and, on that basis, alleges that Defendants failed to provide meal periods and failed to pay the one hour of compensation owed to Plaintiff and California Class members as a result of Defendant's violations of the California Labor Code and applicable IWC Wage Order provisions.

56. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including lost compensation and an entitlement to restitution resulting from missed meal periods, in an amount to be established at trial.

57. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiff and all other who are similarly situated of their

rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

2. Order a complete and accurate accounting of all the compensation, wages, restitution and meal period payments to which the Plaintiff and all others who are similarly situated are entitled;

3. For compensatory damages against Defendants to be paid to the FLSA Employees, including all wages and overtime pay owed to the FLSA Employees under the FLSA;

4. For liquidated damages against Defendants to be paid to the FLSA Employees under Section 16(b) of the FLSA;

5. For compensatory damages against Defendants to be paid to the California class, including all wages and overtime pay, and statutory damages for violation of California Labor Code Section 226 owed to the California class under California law;

6. For "waiting time penalties," pursuant to Section 203 of the California Labor Code, against Defendants to be paid to members of the California class whose employment has terminated with Defendants and who were not timely paid all wages due and owing to them at the time of such termination;

7. For attorneys' fees and costs as allowed by Section 16(b) of the FLSA, Section 1194 of the California Labor Code, and Section 1021.5 of the California Code of Civil Procedure;

8. For an order requiring Defendants to pay restitution for its unlawful conduct in the State of California; and

9. For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices alleged herein; and

10. Grant such other legal and equitable relief as may be just and proper.

**JURY DEMAND**

Plaintiff hereby demands a jury trial.

DATED: July 27, 2018

RIGHETTI · GLUGOSKI, P.C.

__*/s/ Matthew Righetti*____________
Matthew Righetti,
Attorney for Plaintiff