UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW J. PRIZLER, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, LLC (dba SPECTRUM, TWC ADMINISTRATION, LLC, and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 3:18-cv-1724-L-MSB<br><br>**ORDER ON DEFENDANT'S MOTION TO COMPEL ARBITRATION [Doc. 29]** |

Pending before the Court is Defendants' motion to compel arbitration. For the following reasons, the Court GRANTS Defendant's motion.

**I.　BACKGROUND**

Defendant Charter Communication ("Charter"), a telecommunications company, employed Plaintiff Andrew J. Prizler ("Prizler") as a retail sales employee in California from July 2014 until 2018. On October 6, 2017, Charter announced to its employees that it would begin using a dispute resolution program called the Solution Channel to resolve employment-based legal disputes. To that end, Charter offered mutual arbitration agreements to its candidates and employees. Paul Marchand, Charter's Executive Vice

1

President of Human Resources, sent the Solution Channel announcement to all Charter employees' email accounts, including Prizler. The email announcement stated,

> "By participating in *Solution Channel*, you and Charter both waive the right to initiate or participate in court litigation . . . Unless you opt out of participating in *Solution Channel* within the next 30 days, you will be enrolled. Instructions for opting out of *Solution Channel* are [] located on Panaroma." Doc. 29-2 at 2-3 (italics in original).

A link to the Solution Channel webpage was embedded in the email announcement. *See* Doc. 29-2. The Solution Channel webpage included a reference and link to Charter's Mutual Arbitration Agreement (the "Agreement") and the Program Guidelines. The Solution Channel webpage included instructions on how to opt out of the program and warned employees that they would be automatically enrolled if they did not opt out within designated time. The opt-out instruction included a link that routed to a opt-out webpage where an employee could enter their name and check a box stating, "I want to opt out of Solution Channel[,]" and saving this selection. Employees could print the page to save in their personal records. Prizler did not opt out of the Agreement.

The Agreement requires Charter employees to individually arbitrate all disputes arising out of their employment with Charter. The Agreement bars claims brought on a class basis or in any representative proceeding. The Agreement also requires any challenge to the validity, enforceability, or breach of the Agreement be sent to arbitration. The Agreement explicitly declares that the Agreement will be governed by the Federal Arbitration Act.

Despite the Agreement's limitations, Prizler filed a class action complaint against Charter alleging the following causes of action: (1) violation of the Fair Labor Standards Act ("FLSA"), (2) violation of the California Labor Code, (3) violation of the California Business and Professions Code, (4) failure to provide meal periods, and (5) failure to provide rest periods. Charter seeks to compel Prizler's claims to binding arbitration on an

individual basis under the Agreement, dismiss Prizler's class claims, and stay Prizler's fifth cause of action for PAGA penalties.

## II. LEGAL STANDARD

The parties do not dispute the fact that the Federal Arbitration Act ("FAA") governs here. Under the FAA, a Court must consider two threshold questions to determine whether to compel arbitration: (1) is there a valid agreement to arbitrate? And, if so, (2) does the agreement cover the matter in dispute? *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). Since it is undisputed that the Agreement, if valid, covers the matters in dispute [Doc. 33 at 9], the Court need only consider whether the agreement is valid.

An agreement to arbitrate is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under California law, the elements of a valid contract are (1) parties capable of contracting; (2) mutual consent; (3) a lawful object; and (4) consideration. Cal. Civ. Code § 1550. If the court finds that an agreement to arbitrate is valid and the opposing party presents no viable defenses, the court must order arbitration in accordance with the terms of the agreement. 9 U.S.C. § 4. However, a court will not enforce an otherwise valid contract if there exists a viable defense, such as unconscionability or waiver. *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) (waiver); *Armendariz v. Found. Health Psychcare Servs. Inc*, 24 Cal. 4th 83, 114 (2000) (unconscionability). If there exists a genuine dispute of material fact regarding contract formation and the party opposing arbitration timely demands a jury trial of the issue, the court must submit the issue of contract formation to a jury. 4 U.S.C. § 4.

## III. DISCUSSION

Prizler presents three arguments in opposition to compelled arbitration. First, Prizler contends that Charter failed to comply with their obligations under Rule 26. Second, Prizler contends that Charter failed to carry their affirmative burden of proving the parties entered into a valid arbitration agreement. Finally, Prizler contends that it is impossible to evaluate unconscionability based on the information set forth in Charter's motion. The

Court will only address Prizler's two latter contentions as the first has no bearing on the ultimate issue here.

### A. <u>Valid Agreement</u>

"The party seeking arbitration bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense." *Bridge Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1005 (9th Cir. 2010) (citation omitted).

Prizler asserts that Charter failed to properly authenticate the Agreement. Federal Rule of Evidence 901(a) dictates, "To satisfy the requirement of authenticating for identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Prizler's contention that the declaration of Ms. Tammie Knapper is insufficient to establish his entering into the Agreement misses the mark. Ms. Knapper submitted her affidavit as Charter's authorized corporate representative and her statements are merely the statements of Charter. Charter attached the October 6, 2017 Solution Channel Announcement email sent to Charter employees, including Prizler, to Ms. Knapper's declaration. A "proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee." *Schikore v. BankAmerica Supplemental Retirement Plain*, 269 F.3d 956, 961 (9th Cir. 2001). The Court finds any argument that Prizler did not receive the Solution Channel announcement unpersuasive. Charter also requested the Court take judicial notice of rulings made by other federal courts compelling arbitration based on the same arbitration agreement at issue here.[1] Moreover, Prizler's reliance on *Ruiz v. Moss Bros. Auto Group,*

---

[1] The Court GRANTS Charter's request for judicial notice of four orders issued by other district courts pursuant to Federal Rule of Civil Procedure 201(b) because these federal proceedings directly relate to the matters at issue here in that each order evaluates the validity of the arbitration agreement at issue here.

*Inc.*, 232 Cal.App.4th 836, 839 (2014) is misplaced as *Ruiz* court sought to establish whether an electronic signature was executed to validate the underlying arbitration agreement. However, under the instant circumstances, the Court finds the Agreement self-executing by its terms and became valid when Prizler failed to opt out of the program.

Prizler also asserts that Charter failed to establish implicit consent. Mutual consent is a necessary element to contract formation. Cal. Civ. Code § 1550. Consent to an arbitration agreement can be express or implied in fact. *Craig v. Brown & Root, Inc.*, 84 Cal. App. 4th 416, 420 (2000). Charter contends Prizler impliedly consented to the Solution Channel program by failing to opt out of the program within the specified time. The Court agrees. It is undisputed that Charter sent Prizler the Solution Channel Announcement email. Under the mailbox rule, the Court finds that Prizler received the email at that time as he has not provided any evidence to the contrary. The Court also finds that Prizler impliedly consented to the Agreement as he failed to take the steps to opt out despite Charter providing the instructions on how to do so in an accessible place. The Solution Channel webpage makes clear that participation in the Solution Channel program means Charter and the employee waive any right to participate in court litigation involving covered disputes and to arbitrate those disputes. The "opt-out" acknowledgement included on the Solution Channel webpage warns employees that they are specifically consenting to participate in the Solution Channel program if they fail to opt out. Moreover, the cases Charter cites reinforce that consent is found in cases evaluating similar arbitration agreements. *See Circuit City Stores, Inc. v. Ahmed*, 283 F.3d 1198, 1200 (9th Cir. 2002); *see also Aquino v. Toyota Motor Sales USA, Inc.*, 2016 WL 3055987, *4 (N.D. Cal. May 31, 2016) (citing *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) ("By not opting out within the 30-day period, [employee] became bound by the terms of the arbitration agreement.").

Prizler's reliance on this Court's ruling in *Folck v. Lennar Corp.*, 2018 WL 1726617, at *3 (S.D. Cal. Apr. 10, 2018) is flawed. In *Folck*, this Court rejected Defendants' argument that acceptance was shown by Plaintiff's continued employment for years after

receiving a document (the ARG) containing an arbitration agreement that provides continued employment constitutes acceptance. The Court reasoned that Defendants' argument was unpersuasive because it assumed that Plaintiff was aware that his continued employment was conditioned on his acceptance of the 2011 Arbitration Agreement. While the *Folck* Plaintiff created a genuine dispute of material fact on this issue by submitting declaration testimony stating that Defendant never asked him to review or agree to the 168-page ARG document, Prizler's similar contention does not create a genuine issue where Charter has provided the time-stamped October 6, 2017 email sent to him by a Charter representative discussing the Agreement and opt-out implications. The instructions to opt out the Agreement here were accessible to Prizler through his Panorama portal during the 30-day period. It is undisputed that Prizler failed to opt out the program. Accordingly, the Court finds that the Agreement is valid.

### B. <u>Unconscionability</u>

Plaintiff contends that Charter misrepresented the Agreement's contents and failed to include documentary evidence to conclude whether the arbitration agreements are unenforceable under the doctrine of unconscionability. Unconscionability carries both a procedural and a substantive element, and a court can refuse to enforce a contract or portion thereof as unconscionable only if both are satisfied. *Armendariz v. Foundation Health Psychcare Servs.*, 24 Cal. 4th 83, 114 (2000). "The procedural element generally takes the form of an adhesion contract, which imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 713 (2004). "The substantive element of unconscionability focuses on the actual terms of the agreement and evaluates whether they create overly harsh or one-sided results, that is, whether contractual provisions reallocate risks in an objectively unreasonable or unexpected manner. To be substantively unconscionable, a contractual provision must shock the conscience." *Baker v. Osborne Dev. Corp*, 159 Cal. App. 4th 884, 894 (2008) (internal quotation marks and citations omitted).

Here, the arbitration agreement was imposed and drafted by Defendants, who, as employer, appear to be the party of superior bargaining strength. Notwithstanding, the Court finds that the Agreement was not adhesive as Prizler had the opportunity to opt out. *Circuit City Stores, Inc.*, 283 F.3d at 1199; *see Kilgore v. KeyBank, Natl. Ass'n*, 718 F.3d 1052, 1059 (9th Cir. 2013) (en banc). Accordingly, the Court finds the Agreement is not procedurally unconscionable.

Prizler only contends that certain provisions of the Agreement are substantively unconscionable. However, the Court will not reach the question whether the Agreement was substantively unconscionable because the Agreement was not procedurally unconscionable. *See Armendariz*, 24 Cal. 4th at 114.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court finds that the Agreement is valid and enforceable. Therefore, this dispute must proceed to arbitration. *See* 9 U.S.C. § 3. Accordingly, the Court orders as follows:

- Charter's Motion to Compel Arbitration [Doc. 29] is GRANTED;
- The parties are ordered to proceed to arbitration of plaintiff's claims;
- Prizler's PAGA claim is STAYED;
- Charter's Motion to Stay Litigation [Doc. 45] is DENIED AS MOOT;
- The Clerk of Court shall terminate this motion.

**IT IS SO ORDERED.**

Dated: May 27, 2019

Hon. M. James Lorenz
United States District Judge